IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **ALLEN D. ADAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-3121 |
| | ) | |
| **RANDY POLLARD,** Jefferson County Circuit Clerk, **TIMOTHY NEUBAUER,** 2nd Circuit Judge, **CHERE KAY GARNER,** Cass County Circuit Clerk, and **THOMAS BRANNAN,** 8th Circuit Judge, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Big Muddy River Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.

Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

On May 3, 2017, Plaintiff filed a Complaint (d/e 1) pursuant to 42 U.S.C. § 1983 against Randy Pollard, the Jefferson County, Illinois, Circuit Clerk; Timothy Neubauer, an associate judge in the Second Judicial Circuit Court in Jefferson County, Illinois; Chere Kay Garner, the Cass County, Illinois, Circuit Clerk; and Thomas Brannan, an associate judge in the Eighth Judicial Circuit Court in Cass County, Illinois. The allegations in Plaintiff's complaint and the reasonable inferences drawn from those allegations, as well as the documents attached to the Complaint, present the following information.

Between October and November 2016, Plaintiff tried to file a petition for dissolution of marriage and related paperwork in the Jefferson County Circuit Court "on a previous dissolution of marriage." Compl. at 6. The paperwork was returned to him without being filed.

Subsequently, Plaintiff attempted to file a petition for dissolution of marriage and related paperwork relating to his marriage to Kimberly Adams. On December 5, 2016, Judge Neubauer directed the Circuit Clerk to return "all documents" to Plaintiff and to not "file any pleadings." See d/e 1 at 10. The order also stated that Plaintiff needed to attempt to serve a signed entry of appearance from Plaintiff's wife, Kimberly Adams, and a signed proposed judgment by both parties. Id. A copy of the order was mailed to Plaintiff.

Plaintiff attempted to serve Adams with an entry of appearance, waiver of service of summons, and consent to default judgment, but the mail was returned to Plaintiff. Plaintiff also received the envelope he had sent to Adams marked "unreachable." Id. The envelope was opened and missing the petition for dissolution of marriage Plaintiff had sent to Adams. A few weeks later, Plaintiff received from the Cass County Circuit Court his dissolution of marriage documents, including the petition for dissolution, with "Jefferson County" crossed out in the heading and replaced by "Cass County."

Irene Cavazos (Plaintiff does not further identify this individual) contacted the Cass County Circuit Clerk on February 28, 2017 with regard to Plaintiff being transferred from Big Muddy Correctional Center to appear in court in Cass County for a divorce Plaintiff filed in Jefferson County. The Circuit Clerk told Cavazos that she, the Circuit Clerk, changed the caption when she received Plaintiff's paperwork because she assumed that the documents were meant to be filed in Cass County. Cavazos told the Circuit Clerk that the paperwork had been sent to Cass County to be served on Adams, who resided in Cass County. The Circuit Clerk contacted Cavazos a few hours later and advised Cavazos that the Circuit Clerk had called the Jefferson County judge. The Jefferson County judge—presumably Judge Neubauer, but this is not clear—reported that the Jefferson County case was closed and had been moved to Cass County because Adams was served in Cass County. The next day, Plaintiff was transferred from prison to appear in court on March 3, 2017 in Cass County. The divorce was granted. No appeal was filed. In this lawsuit, Plaintiff seeks damages in excess of $210,000 and court costs.

The Court has also reviewed the electronic docket for both Cass County and Jefferson County. See, e.g., Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015) (a court may take judicial notice of documents in the public record when ruling on a motion to dismiss under Rule 12(b)(6)). The Cass County docket sheet shows that a petition for dissolution was filed on January 9, 2017; summons was returned on February 16, 2017; Plaintiff appeared in court on March 3, 2017; and the judgment of dissolution of marriage was entered on March 6, 2017.[1] The Jefferson County docket sheet shows that a petition for dissolution was filed on February 11, 2017, and dismissed on March 1, 2017, when the deputy clerk was advised by the Cass County Circuit Clerk that the case was completed in Cass County.[2]

To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under the color of state law.

---

[1] http://www.judici.com/courts/cases/case_history.jsp?court=IL009015J&ocl=IL009015J,2017D1,IL009015JL2017D1P1 (last visited June 5, 2017).

[2] http://www.judici.com/courts/cases/case_history.jsp?court=IL041025J&ocl=IL041025J,2017D28,IL041025JL2017D28P1 (last visited June 5, 2017).

Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). The Court interprets Plaintiff's claim as a denial-of-access-to-the-courts claim. Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). The First Amendment right to petition and the Fourteenth Amendment right to substantive due process protect an individual's right to pursue legal redress for claims that have a reasonable basis in law. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004).

As an initial matter, the Court notes that both judges are entitled to absolute immunity. A judge is entitled to absolute immunity for his judicial acts unless he acted in the clear absence of jurisdiction, even if the action is erroneous, malicious, or in excess of her authority. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1015 (7th Cir. 2000). The acts by Jefferson County Judge Neubauer and Cass County Judge Brannan—which involve Judge Neubauer issuing a written order to the Circuit Clerk directing the Circuit Clerk to return Plaintiff's paperwork and Judge Brannan deciding Plaintiff's dissolution of marriage case—are judicial acts. See, e.g., Tittle v. State of Wis., No. 07-C-739, 2007 WL 4206965, at *4 (E.D. Wis. Nov. 27, 2007) ("A judge's decision to schedule dates

or enter orders in a case are judicial acts with respect to which the judge has absolute judicial immunity."). Plaintiff does not allege that either judge acted in clear absence of jurisdiction. Moreover, Circuit Clerk Pollard is entitled to immunity to the extent Judge Neubauer ordered him to return the documents to Plaintiff. Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (holding that clerks were entitled to absolute immunity where the judge directed them to return the complaint and filing fee to the plaintiffs and tell the plaintiffs to file the documents in another court).

Plaintiff's Complaint also alleges, however, other instances when his pleadings were purportedly returned to him without being filed. Liberally construed, these allegations suggest other instances when Jefferson County Circuit Clerk Pollard returned documents to Plaintiff without a court order, in which case, absolute immunity does not apply. Snyder, 380 F.3d at 288-89 (finding the clerk was not entitled to absolute immunity where he was not acting at the direction of the judge when he returned the documents).

Plaintiff's complaint fails to state a claim, however, because Plaintiff does not allege any injury. See Christopher, 536 U.S. at 415 (noting that the right of access is "ancillary to the underlying

claim, without which a plaintiff cannot have suffered injury by being shut out of court"); In re Maxy, 674 F.3d 658, 661 (7th Cir. 2012) (finding the plaintiff did not allege an actual injury and, therefore, did not state a claim for a denial of his right to access the courts); see also, e.g., Marks v. City of Wausau, 590 F. App'x 634, 635 (7th Cir. 2015) (affirming summary judgment in favor of the defendants on the plaintiff's denial-of-access claim; the plaintiff did not suffer an actual injury by the defendants' refusal to file court documents or otherwise enable him to appeal his municipal court convictions because the plaintiff was allowed to proceed with his appeal). Plaintiff received the relief he requested—the dissolution of his marriage.

Finally, Plaintiff's claim against Cass County Circuit Clerk Garner fails to state a claim because he alleges no facts suggesting that she denied him access to the court, as she filed Plaintiff's pleadings.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim and as barred by absolute immunity pursuant to 28 U.S.C. § 1915A. The Court will afford Plaintiff the

opportunity to amend his complaint if he believes he can state a claim. See, e.g., Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012) (noting that a pro se plaintiff should be given an opportunity to amend his complaint before the Court dismisses the complaint with prejudice). Plaintiff shall file an amended complaint, if any, on or before June 26, 2017.

    2)    Plaintiff's Motion for Appointment of Counsel (d/e 5) is DENIED AS MOOT with leave to refile. Moreover, Plaintiff does not identify what attempts he has made to retain counsel.

ENTERED: June 5, 2017

FOR THE COURT:

                                      s/Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE